IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERNEST MILLER, | | |
| | Plaintiff, | No. 2:09-cv-0280 KJN P |
| vs. | | |
| CARRERA, et al., | | ORDER and |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| / | | |

| | | |
|---|---|---|
| ERNEST MILLER, | | |
| | Plaintiff, | No. 2:09-cv-0917 KJN P |
| vs. | | |
| ROCHE, | | ORDER and |
| | Defendant. | FINDINGS AND RECOMMENDATIONS |
| / | | |

| | | |
|---|---|---|
| ERNEST MILLER, | | |
| | Plaintiff, | No. 2:09-cv-1256 KJN P |
| vs. | | |
| GRANNIS, et al., | | ORDER and |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| / | | |

1

| | | |
|---|---|---|
| 1 | ERNEST MILLER, | |
| 2 | Plaintiff, | No. 2:09-cv-3427 MCE KJN P |
| 3 | vs. | |
| 4 | JENESKY, et al., | <u>ORDER</u> and <u>FINDINGS AND RECOMMENDATIONS</u> |
| 5 | Defendants. / | |
| 6 | ERNEST MILLER, | |
| 7 | Plaintiff, | No. 2:09-cv-3598 KJN P |
| 8 | vs. | |
| 9 | WILLIAMS, et al., | <u>ORDER</u> and <u>FINDINGS AND RECOMMENDATIONS</u> |
| 10 | Defendants. / | |

In each of these cases,[1] plaintiff Ernest Miller, a state prisoner proceeding without counsel, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Pending in four of these cases are plaintiff's applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915; in the fifth case, plaintiff's application to proceed in forma pauperis has been granted. Plaintiff is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g), which precludes a plaintiff from proceeding in forma pauperis absent a showing he is in imminent danger of serious physical injury. For the reasons described below, the court recommends that plaintiff's motions to proceed in forma pauperis be denied, that the order granting in forma pauperis be vacated, and that plaintiff be permitted to proceed in a given case only if he pays the $350 filing fee. The court also recommends that plaintiff's subsequently-filed motions for preliminary injunctive relief be denied.

////

---

[1] Each of these cases is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302. Each case was reassigned to the undersigned on February 9, 2010.

LEGAL STANDARDS

The "three strikes" provision of the Prison Litigation Reform Act ("PLRA") requires a court to deny in forma pauperis ("IFP") status to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2] Thus, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]" Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The purpose of this rule is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997); accord, Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) ("Section 1915(g) does not prohibit prisoners from accessing the courts to protect their rights. Inmates are still able to file claims – they are only required to pay for filing those claims.").

"[T]he district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike. However, in many instances, the docket records will not reflect the basis for the dismissal. In these instances, the [court must examine] . . . court records or other documentation that will allow [it] to determine that a prior case was dismissed because it was 'frivolous, malicious or fail[ed] to state a claim.' § 1915(g)." Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).[3] In making this determination, the court is guided by the following:

---

[2] Section 1915(g) was enacted as part of the 1996 Amendments to the PLRA, Pub. L. No. 104-134, 110 Stat. 1321, § 804(d).

[3] Because no defendants have been served in any of these actions, the court has undertaken the task of examining the records of this court and the National Pro Se "Three Strikes" Database, rather than employ a burden-shifting approach between the parties. Cf. Andrews v. King, supra, 398 F.3d at 1119-20.

> The PLRA does not define the terms "frivolous," or "malicious," nor does it define dismissals for failure to "state a claim upon which relief could be granted." We have held that the phrase "fails to state a claim on which relief may be granted," as used elsewhere in § 1915, "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (interpreting § 1915(e)(2)(B)(ii) and employing the same de novo standard of review applied to Rule 12(b)(6) motions). Yet there is no Ninth Circuit case law on the 1996 Amendments to the PLRA that explains precisely what the terms "frivolous" or "malicious" mean. In defining these terms, we look to their "ordinary, contemporary, common meaning." Wilderness Soc'y v. United States Fish & Wildlife Serv., 353 F.3d 1051, 1060 (9th Cir. 2003) (en banc) (internal quotation marks and citations omitted). Thus, a case is frivolous if it is "of little weight or importance: having no basis in law or fact." Webster's Third New International Dictionary 913 (1993); see also Goland v. United States, 903 F.2d 1247, 1258 (9th Cir. 1990) (adopting a definition of "frivolous"). A case is malicious if it was filed with the "intention or desire to harm another." Webster's Third New International Dictionary 1367 (1993).

Andrews v. King, supra, 398 F.3d at 1121. See also Neitzke v. Williams, 490 U.S. 319, 327 (1989) (in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

However, in forma pauperis status must be granted to a "three strikes plaintiff" who demonstrates that he or she is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Application of this exception requires that the complaint, liberally construed, plausibly allege that, *at the time of filing the complaint*, "prison officials continue with a practice that has injured [plaintiff ] or others similarly situated in the past." Andrews v. Cervantes, supra, 493 F.3d at 1055, 1056–57 (citations omitted).

Finally, in a properly filed case, a preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in the pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case

4

clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008). In cases brought by prisoners involving conditions of confinement, a preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

PLAINTIFF'S LITIGATION HISTORY

Judicial notice[4] of the "National Pro Se 'Three Strikes' Database"[5] demonstrates that, prior to filing the instant actions, plaintiff Ernest Miller (California Department of Corrections and Rehabilitation ("CDCR") Identification Number T97203) had four prior "strikes" based on the dismissal of the following cases for failure to state a claim: 1) Miller v. High Desert Prison, et al., Case No. 2:06-cv-1437 GEB CMK P, dismissed on July 24, 2007;[6] 2) Miller v. Access Securepak, Case No. 2:07-cv- 1538 FCD CMK P, dismissed on December 19, 2007;[7] 3) Miller v. King Harris Publications Magazine, Case No. 1:07-cv-1152 LJO GSA, dismissed on March 12, 2008;[8] and 4) Miller v. California State Prison Corcoran, et al.,

---

[4] See Fed. R. Evid. 201 (a court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned). See also, MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of court records).

[5] See http://nprose.circ9.dcn/Litigant.aspx.

[6] Plaintiff's untimely appeal was dismissed for lack of jurisdiction.

[7] Summarily affirmed on appeal.

[8] Affirmed on appeal for the reasons set forth by the magistrate judge and adopted by the district judge.

1:08-cv-0594 OWW SMS P, dismissed on May 9, 2008.[9]

Additionally, the court takes judicial notice of Miller v. McGrath, et al., Case No. 2:08-cv-0070 HWG KSC P. On October 7, 2009, the magistrate judge found, relying on the same cases listed in the National Database, that plaintiff has three or more prior prisoner actions dismissed as frivolous or for failure to state a claim, and recommended that the court's prior order granting in forma pauperis status be vacated and the action dismissed without prejudice to plaintiff refiling the action with concurrent submission of the filing fee. Id., Dkt. No. 19. It was further recommended that plaintiff's many additional filings be denied as moot. On November 9, 2009, the district judge adopted these findings and recommendations and judgment was entered accordingly. Dkt. Nos. 21, 22.[10]

Similar rulings were recently made in another of plaintiff's actions, Miller v. Brown, et al., Case No. 2:09-cv-3403 MCE GGH P. On January 28, 2010, the magistrate judge, relying on the cases listed in the National Database, as well as Miller v. McGrath, et al., Case No. 2:08-cv-0070 HWG KSC P, recommended that plaintiff be barred from proceeding in forma pauperis under the three strikes provision of 28 U.S.C. § 1915(g), be directed to pay the filing fee within 21 days, and that his motion for preliminary injunctive relief be denied. (Dkt. No. 9.) The district judge adopted the magistrate judge's findings and recommendations on February 25, 2010. (Dkt. No. 12.)

Review of this court's electronic database demonstrates that plaintiff has filed thirty cases in this district since October 2003. In 2009, plaintiff, who remains incarcerated, filed eight separate civil rights actions in this court, five assigned to the undersigned.[11]

---

[9] Plaintiff's untimely appeal was dismissed for lack of jurisdiction, while the decision of the district court denying plaintiff's motion for relief from judgment was affirmed.

[10] Plaintiff filed a notice of appeal on November 20, 2009, which remains pending in the United States Court of Appeals for the Ninth Circuit. Case No. 09-17645.

[11] Plaintiff has misstated in some of his complaints the number of cases he has previously filed. See, e.g., Miller v. Carrera, et al., Case No. 2:09-cv-0280 KJN P (plaintiff states he had

1  PLAINTIFF"S INSTANT ACTIONS

As found by the courts in Miller v. McGrath, Case No. 2:08-cv-0070 HWG KSC P, and Miller v Brown, Case No. 2:09-cv-3403 MCE GGH P, as well as the Ninth Circuit in Miller v. California State Prison et al., Case No. 09-17041 (District Court Case No 1:08-cv-0234 OWW SMS P) (see n. 12, infra), it is clear that the "three strikes rule" applies to plaintiff's filing of the present actions. Thus, absent a showing in each case that plaintiff was under imminent danger of serious physical injury at the time he filed the complaint, he is precluded from proceeding in forma pauperis. 28 U.S.C. §1915(g). The court reviews each of the complaints and associated documents in turn.

   1. Miller v. Carrera et al., Case No. 2:09-cv-0280 KJN P

In his complaint filed January 30, 2009, plaintiff seeks $20 million in damages, restoration of time credits, and reversal of a conviction for felony assault and battery on a peace officer, based on disciplinary rulings at High Dessert State Prison allegedly made in retaliation for plaintiff filing a grievance challenging food quality (and pushing a food tray onto the floor). Plaintiff also alleges that he was wrongly punished by being placed in administrative segregation. Plaintiff claims discrimination based on race and violations of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. The only reference in the complaint to physical risk is the following:

> The prison officials duty is to provide food and safety to prisoner's (with no force) [case citation]. These officers violated this duty by a frivolous crime charge and false imprisonment by risk of serious harm to the inmates safety [case citation] of 18 months lock– up–SHU plus #6 years to his prison sentence [sic] . . .

filed one previous lawsuit while a prisoner (Dkt. No. 1, at 1)); cf. Miller v. Roche, Case No. 2:09-cv-0917 KJN P (plaintiff states he has filed 33 prior lawsuits while a prisoner (Dkt. No. 14, at 1)); Miller v. Grannis, et al., Case No. 2:09-cv-1256 KJN P (plaintiff states he has filed 33 prior cases (Dkt. No. 1, at 1)); Miller v. Williams, et al., Case No. 2:09-cv-3598 KJN P (plaintiff answered "I don't know" to the question requesting the number of prior cases filed while incarcerated (Dkt. No. 1, at 1)); and Miller v. Jenesky, et al., Case No. 2:09-cv-3427 MCE KJN P (plaintiff left question blank (Dkt. No. 1, at 1)).

(Dkt. No. 1, at 3.) More than nine months later, plaintiff filed two motions for preliminary injunctive relief. The first seeks "preliminary injunction for a jury trial to be granted relief of money damages." (Dkt. No. 6, at 1.) The second motion, filed November 23, 2009, seeks "preliminary injunction to be (single man-cell-status) with a transfeer to another or any other (CDCR) state prison due to imminent danger of serious physical injury, 28 U.S.C. § 1915(g) . . . due to prisoners and prison guards contineuosly making 'fatal threats' walking by his cell, to him [sic]." (Dkt. No. 8, at 1 (emphasis deleted).)[12] Further, in his "motion to be lodged good cause showing that plaintiff forma pauperis status should not be revoked see 28 U.S.C. § 1915(g) [sic]," filed November 2, 2009, plaintiff states "'(that his safety is in danger) [sic].'" (Dkt. No. 7, at 1.)

The complaint fails to set forth any allegations indicating a plausible and contemporaneous threat to plaintiff's safety. Nor do plaintiff's motions for preliminary injunction, filed more than nine months later, make the requisite showing. The first motion merely reiterates the nature of plaintiff's action. (Dkt. No. 6, at 1). The second motion is

---

[12] Attached to this motion is a copy of United States District Judge Wanger's October 19, 2008 order in yet another of plaintiff's cases, <u>Miller v. California State Prison et al.</u>, Case No. 1:08-cv-0234 OWW SMS P, which denied plaintiff's motion for preliminary injunction at High Desert State Prison for lack of jurisdiction because the underlying action challenged conditions of confinement at California State Prison–Corcoran. Nonetheless, Judge Wanger directed the Clerk of Court to serve a courtesy copy of his order on the Warden at High Desert State Prison in order to place the Warden "on notice" and requested that he "look into Plaintiff's allegations that his safety is in danger if he is not housed on single cell status." (Attachment in <u>Miller v. Carrera, et al.</u>, Case No. 2:09-cv-0280 KJN P, Dkt. No. 7, at 3-4.) This court has reviewed plaintiff's filing that underlay the Wanger ruling (Case No. 1:08-cv-0234, Dkt. No. 30) and finds that it is no more specific or substantive than plaintiff's filing in the instant action (see e.g., Case No. 2:09-cv-0280, Dkt. No. 8).

Significantly, when plaintiff appealed the final judgment in this action, the Ninth Circuit ruled that plaintiff was bound by the three strikes rule on appeal based on the cases set forth in the National Database and ordered plaintiff, within 21 days, to pay the docketing and filing fees or show cause why his in forma pauperis status should not be revoked. (Case No. 09-17041, Order filed Sept. 29, 2009.) On December 11, 2009, the Ninth Circuit dismissed the appeal due to plaintiff's failure to respond to the court's September 29, 2009 order. (<u>Id</u>., Order filed Dec. 11, 2009.)

8

unrelated to the allegations, fails to state an independently cognizable claim,[13] and merely reiterates key phrases without elucidation. Even if this action were proceeding routinely, plaintiff's motions fail to meet the standards for granting injunctive relief, i.e., that plaintiff is likely to succeed on the merits of his complaint and that injunctive relief is necessary to preserve the status quo in the underlying action. The failure of plaintiff to demonstrate imminent risk of serious physical injury at the time he filed his complaint dictates that he be denied in forma pauperis status in pursing this action. It is further recommended that plaintiff's motions for injunctive relief be denied.

2. Miller v. Roche, Case No. 2:09-cv-0917 KJN P

Plaintiff filed this action on April 3, 2009, and his in forma pauperis application was granted without consideration of the three strikes rule. (Id., Dkt. Nos. 1, 3, 6, 11.) The court nonetheless construed plaintiff's complaint as "so vague and conclusory that it fails to state a claim for relief," and dismissed it in its entirety with leave to amend. (Dkt. No. 11, at 3.) On October 26, 2009, plaintiff filed an amended complaint (Dkt. No. 14). On November 2, 2009, plaintiff filed a "motion to be lodged showing 'that plaintiff' forma pauperis status should not be revoked see 28 U.S.C. § 1915(g) [sic]," virtually identical to, and with the same attachment as that set forth in, the similarly-titled motion he filed in Miller v. Carrera, et al., Case No. 2:09-cv-0280 KJN P (Dkt. No. 15; see n. 12, supra). On November 20, 2002, plaintiff filed a motion for preliminary injunction also virtually identical to that filed in Miller v. Carrera, et al. (Dkt. No. 16).

Plaintiff's original complaint sought $100 million in damages against the chief medical officer of High Desert State Prison pursuant to Eighth and Fourteenth Amendment claims based on allegations of excessive force and racial discrimination in requiring plaintiff to

---

[13] An allegation of mere threats alone fails to state a claim of cruel and unusual punishment under the Eighth Amendment. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); see also Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of profanity violate the Eighth Amendment).

undergo medical x-ray treatment. The complaint alleges that plaintiff was restrained by five or six white male correctional officers, and that defendant committed medical negligence and medical malpractice. (Dkt. No. 1.) The operative amended complaint sets forth the same allegations. (Dkt. No. 14.)

As in the prior case, these documents do not demonstrate a plausible allegation of imminent physical injury to plaintiff at the time he filed his original complaint. The court will therefore recommend that the order granting plaintiff in forma pauperis status (Dkt. No. 11) be vacated. Additionally, for the reasons noted above, the court will recommend denial of plaintiff's boiler-plate motion for injunctive relief. (Dkt. No. 16).

3. Miller v. Grannis, et al., Case No. 2:09-cv-1256 KJN P

Plaintiff filed this action on May 1, 2009, in the U.S. District Court for the Northern District of California. (Id., Dkt. No. 1.) The case was transferred to this court on May 6, 2009. (Dkt. No. 3.) The complaint alleges that defendants CDCR "Chief Directors" Grannis and Foston discriminated against plaintiff by "not granting him back his earned good time credits back for grooming standards due to him being labeled an African-America (Jesus Christ (JAH) Believer, with long hair a religious (black) man prisoner refuseing still to complie with (grooming-standards) [sic]. . ." (Dkt. No. 1, at 3.) Plaintiff alleges violation of his rights to equal protection and to be free from cruel or unusual punishment, under the Fourteenth and Eighth Amendments, respectively, and seeks $75 million in damages. (Id.)

Plaintiff filed applications to proceed in forma pauperis on May 20 and May 22, 2009. (Dkt. Nos. 7, 8.) On November 2, 2009, plaintiff notified the court that although he was a "three strikes plaintiff," he should obtain in forma pauperis status under the imminent danger exception of Section 1915(g), again attaching a copy of Judge Wanger's October 19, 2008 order in Miller v. California State Prison et al., Case No. 1:08-cv-0234 OWW SMS P (see n. 12, supra). (Dkt. No. 11.)

Plaintiff also filed two motions seeking preliminary injunctive relief. Pursuant to

the first motion, filed September 21, 2009, plaintiff seeks simply "to be granted money damages in a settlement agreement. . . " (Dkt. No. 10, at 1.) The second motion, filed November 23, 2009, again seeks a "preliminary injunction to be (single man-cell-status) with a transfeer to another or any other (CDCR) state prison due to imminent danger of serious physical injury, 28 U.S.C. § 1915(g) . . . due to prisoners and prison guards contineuosly making 'fatal threats' walking by his cell, to him [sic]." (Dkt. No. 12, at 1.) That document further states that plaintiff is "under imminent danger of physical injury [due to defendants] holding prisoner in prison over his credit parole release date [] based upon his race (plaintiff) being a (black) African American man a prisoner in a protected class [sic]." (Id.)

As in the prior cases, these documents do not demonstrate a plausible allegation of imminent risk of serious physical injury to plaintiff at the time he filed his complaint. The failure of plaintiff to demonstrate such risk dictates that his in forma pauperis applications be denied. Further, plaintiff's motions for preliminary injunctive relief should be denied due to plaintiff's failure to demonstrate a likelihood of success on the merits of his claims or that injunctive relief is necessary to preserve the status quo in the underlying action.

4. Miller v. Jenesky, et al., Case No. 2:09-cv-3427 MCE KJN P

Plaintiff filed his complaint in this action on November 17, 2009, against various mental health staff members at High Desert State Prison. (Id., Dkt. No. 1.) He seeks $100 million in damages based on alleged Eighth and Fourteenth Amendment violations stemming from his December 2008 acceptance in an anger management program from which he was terminated due to "not tak[ing] medication." (Id. at 4.) Plaintiff alleges that the all-white mental health staff is discriminating against plaintiff based on his race and that he is unfairly required to be in disciplinary ad-seg lock-up without canteen, mail or telephone privileges. (Id. at 3-4.)

On December 15, 2009, the court directed plaintiff to file an application to proceed in forma pauperis or pay the filing fee, without reference to plaintiff's three strikes status. (Dkt. No. 4.) Plaintiff untimely responded by filing an in forma pauperis application on

January 28, 2010, also not referencing his three strikes status. (Dkt. No. 9.) Meanwhile, on January 19, 2010, plaintiff filed a motion for preliminary injunction, again seeking single cell status or transfer to another prison, citing Section 1915(g), "due to (fatal threats) of safety concerns to his life for participating with this court action claim at (HDSP) (High Desert State Prison) against [the named defendants] [sic]." (Dkt. No. 8, at 1.) Attached to his filing is an undated page from the Los Angeles' District Attorney's Office "probation records" indicating that plaintiff has a "significant substance abuse problem" as well as a significant mental health problem characterized as follows: "Defendant stated he has been hearing voices and seeing things since he was 15 year[s] old. In 1995, he spent almost four months at Patton State Hospital after being found mentally incompetent." (Id. at 4.)

These documents, even viewed together, fail to allege any facts supporting a plausible claim that plaintiff meets the imminent danger exception to the three strikes rule. Thus, the court must again recommend that plaintiff be denied in forma pauperis status. Further, plaintiff's motion for injunctive relief should be denied for the reasons previously given, viz., the failure of plaintiff to demonstrate that he is likely to succeed on the merits of his complaint or that injunctive relief is necessary to preserve the status quo pending a final decision on the merits.

5. Miller v. Williams, et al., Case No. 2:09-cv-3598 KJN P

On December 29, 2009, plaintiff filed his complaint in this action seeking $50 thousand in damages based on his allegations that the law librarians at High Desert State Prison had confiscated and not returned his property, denied his requests to use the library, denied plaintiff the use of pens or pencils, and denied him copies of forms and documents. Although plaintiff's allegations may support a First Amendment right of access claim, he alleges denial of due process and "intentional discrimination by negligence" in violation of the Equal Protection Clause of the Fourteenth Amendment. (Dkt. No. 1, at 1-3.)

On January 14, 2010, the court directed plaintiff to file an application to proceed

in forma pauperis or pay the filing fee, without reference to plaintiff's three strikes status. (Dkt. No. 4.) Plaintiff timely filed an in forma pauperis application on February 5, 2010, also without reference to his three strikes status. (Dkt. No. 6.) Meanwhile, on January 19, 2010, plaintiff filed another boiler-plate motion for preliminary injunction seeking single cell status or transfer to another prison "due to (fatal threats) of safety concerns to his life for participating with this court action claim at (HDSP) (High Desert State Prison) against [the named defendants] [sic]." (Dkt. No. 5, at 1 (emphasis deleted).)

As in the prior cases, plaintiff does not demonstrate that he met the imminent danger exception to the three strikes rule when he filed his complaint and should therefore be denied in forma pauperis status in pursuing this action. While plaintiff may be able to succeed on the merits of his right of access claim, injunctive relief is not necessary to preserve the status quo. Accordingly, plaintiff's motion for preliminary injunction should also be denied.

CONCLUSION

For the foregoing reasons, the court finds that plaintiff has failed to demonstrate that he is eligible to proceed in forma pauperis in any of the five cases identified herein. 28 U.S.C. § 1915(g). Plaintiff's later-filed motions alleging threat of physical harm fail to meet the requirements of seriousness, imminence and contemporaneity; nor do they meet the standards for granting preliminary injunctive relief. The court will therefore recommend that plaintiff be required to pay the full filing fee in each of the cases he intends to pursue. Failure to pay the filing fee in a given case will result in a recommendation that the action be dismissed. The court will also recommend that plaintiff's motions for injunctive relief be denied.

Accordingly, it IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed randomly to assign a district judge in the following cases: Miller v. Carrera, et al., Case No. 2:09-cv-0280 KJN P; Miller v. Roche, Case No. 2:09-cv-0917 KJN P; Miller v. Grannis, et al., Case No. 2:09-cv-1256 KJN P; and Miller v. Williams, et al., Case No. 2:09-cv-3598 KJN P.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's applications and related motions to proceed in forma pauperis be denied as follows: <u>Miller v. Carrera, et al.</u>, Case No. 2:09-cv-0280 KJN P (Dkt. Nos. 5, 7) ; <u>Miller v. Grannis, et al.</u>, Case No. 2:09-cv-1256 KJN P (Dkt. Nos. 7, 8); <u>Miller v. Jenesky, et al.</u>, Case No. 2:09-cv-3427 MCE KJN P (Dkt. No. 9); and <u>Miller v. Williams, et al.</u>, Case No. 2:09-cv-3598 KJN P (Dkt. No. 6).

2. The order granting plaintiff in forma pauperis status in <u>Miller v. Roche</u>, Case No. 2:09-cv-0917 KJN P (Dkt. No. 11), be vacated.

3. In each of these five cases, plaintiff be directed to pay in full the $350 filing fee within 21 days of the filing date of the district judge's order; failure to timely pay the filing fee will result in a recommendation that the action be dismissed.

4. Plaintiffs' motions for preliminary injunction should be denied as follows: <u>Miller v. Carrera, et al.</u>, Case No. 2:09-cv-0280 KJN P (Dkt. Nos. 6, 8); <u>Miller v. Roche</u>, Case No. 2:09-cv-0917 KJN P (Dkt. No. 16), <u>Miller v. Grannis, et al.</u>, Case No. 2:09-cv-1256 KJN P (Dkt. Nos. 10, 12) ; <u>Miller v. Jenesky, et al.</u>, Case No. 2:09-cv-3427 MCE KJN P (Dkt. No. 8); and <u>Miller v. Williams, et al.</u>, Case No. 2:09-cv-3598 KJN P (Dkt. No. 5).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

////
////
////
////
////

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 16, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

miller.3strikes