IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

        Plaintiff,                  No. 2:09-cv-3598 LKK KJN P

   vs.

WILLIAMS, et al.,                  ORDER

        Defendants.

/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On March 17, 2010, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days. The magistrate judge recommends denying plaintiff's application to proceed in forma pauperis on the ground that the plaintiff has filed three or more prior suits constituting "strikes" under 28 U.S.C. § 1915(g). The magistrate judge further recommends denying plaintiff's motion for a preliminary

1

1 injunction on the merits. On April 9, 2010,[1] plaintiff filed objections to the findings and
2 recommendations.

3      "A judge of the court shall make a de novo determination of those portions of the
4 [magistrate judge's] report or specified proposed findings or recommendations to which
5 objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d
6 1114, 1121 (9th Cir. 2003) (en banc). The court presumes that any findings of fact not objected
7 to are correct. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate
8 judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist.,
9 708 F.2d 452, 454 (9th Cir. 1983).

10      Having carefully reviewed the entire file, the court makes two observations. First,
11 it is unclear whether the court is required to seek out prior suits as part of the initial evaluation of
12 an application to proceed in forma pauperis. This uncertainty arises because the Ninth Circuit
13 has described procedures by which a defendant may challenge a plaintiff's right to proceed in
14 forma pauperis under 28 U.S.C. § 1915(g), and such a challenge would necessarily be made after
15 an application was initially granted. See Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. Cal.
16 2005). Indeed, the Ninth Circuit did "not discern in the relevant statute an express congressional
17 intent to place the initial burden on the prisoner-plantiff." Id. at 119. Nonetheless, there appears
18 to be nothing improper about applying section 1915(g) at the initial stage in the manner used by
19 the magistrate judge here. Rather than putting the onus on the plaintiff, the magistrate judge
20 searched for judicially noticeable evidence of prior "strikes." The magistrate judge "put the
21 plaintiff on notice as to what [the judge] had considered in denying [plaintiff's] request to
22 proceed IFP. The burden of persuasion then shifted to the plaintiff to show that prior dismissals

---

[1] Although the court docket indicates a filing date of April 16, 2010 (Dkt. No. 10), April 9, 2010 is the date on which petitioner, proceeding pro se, signed and delivered the instant petition to prison officials for mailing (id. at 2). Pursuant to the mailbox rule, that date is considered the filing date of the petition. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

did not qualify as strikes." Id. at 1120 (internal citation omitted). Plaintiff had an opportunity to make this showing in his objections to the findings and recommendations. Accordingly, the court holds that the procedure employed by the magistrate judge was consistent with the Ninth Circuit's admonition not to place the initial burden of demonstrating compliance with section 1915(g) on the plaintiff, and that plaintiff was afforded an adequate opportunity to challenge the potential strikes.

Second, the magistrate judge took "[j]udicial notice of 'National Pro Se 'Three Strikes' Database.'" The web address given by the magistrate judge for this website is an internal court address not accessible to the general public, and the court is not aware of any public access to the database. Although judicial notice of such a fact is not necessarily improper under Fed. R. Evid. 201(b)(2), it appears that the better course would be to take judicial notice of the underlying dockets and cases identified by this database, which are publicly available. This is not to suggest that the magistrate judge's use of the database was improper. Instead, the court notes that citation to this database and provision of the included URL are of limited use to the parties and the public.

With these observations, the court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the proposed findings and recommendations in full.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 17, 2010 (Dkt. No. 9), are adopted in full;

2. Plaintiff's motion to proceed in forma pauperis (Dkt. No. 6), is denied;

3. Plaintiff is directed to pay in full the $350 filing fee within 21 days of the filing date of this order (failure timely to pay the full filing fee will result in dismissal of this action); and

////

1        4. Plaintiffs' motion for preliminary injunction (Dkt. No. 5), is denied.

2  DATED: May 5, 2010.

```
                        /s/ Lawrence K. Karlton
                        LAWRENCE K. KARLTON
                        SENIOR JUDGE
                        UNITED STATES DISTRICT COURT
```